**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN ANDREW DRAGO,<br><br>      Petitioner,<br><br>  v.<br><br>R. THOMPSON, *et al.*,<br><br>      Respondents. | Civil Action No. 24-9853 (GC)<br><br>**MEMORANDUM &<br>ORDER TO SHOW CAUSE** |

  On or about October 16, 2024, Petitioner John Andrew Drago filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241").  (ECF No. 1 ("Petition").)  At the time he filed his Petition, Petitioner was incarcerated at FCI Fort Dix at Joint Base MDL, New Jersey.

  Petitioner alleged that, under the First Step Act ("FSA"), he has forty conditional FSA credit days that must be applied to an earlier transfer to an "RRC" (a residential reentry center). (ECF No. 1 at 9.)  He requested an order directing the Bureau of Prisons ("BOP") to properly account for these forty credit days and move his RRC transfer date to no later than December 29, 2024.  (*Id.* at 10.)

  On October 23, 2024, the Court ordered Respondents to file and serve a response to the Petition.  (ECF No. 3.)  On or about October 31, 2024, Petitioner filed a letter with an update regarding his exhaustion of administrative remedies.  (ECF No. 4.)  Respondents answered the Petition on December 9, 2024.  (ECF No. 5.)  According to the declaration from Petitioner's BOP case manager and Petitioner's destination history, Petitioner was provided a RRC placement date

of February 11, 2025.  (ECF No. 5-1 ¶ 8; ECF No. 5-1 at 20.)  On or about December 17, 2024, Petitioner filed a rebuttal to the response.  (ECF No. 6.)

According to the BOP Inmate Locator,[1] Petitioner is no longer incarcerated at FCI Fort Dix.  Instead, he is currently located at "New York RRM" (*i.e.*, a Residential Reentry Management field office).

"To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted)).  A district court may only decide cases "admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *Id.* (quoting *Aetna Life Insurance Co. v. Haworth,* 300 U.S. 227, 241 (1937)).  This "case or controversy" requirement continues through all stages of the proceeding.  *See id.*

In this case, Petitioner sought a transfer to an RRC.  (*See* ECF No. 1 at 10.)  However, because it appears that Petitioner has already been transferred to an RRC, there is no apparent injury traceable to Respondents that is likely to be redressed by a favorable decision on the Petition.  Accordingly, the Court will order Petitioner and Respondents to show cause why the Petition should not be dismissed for lack of jurisdiction.

**IT IS**, therefore, on this day 3rd of April, 2025, **ORDERED** as follows:

**ORDERED** that Petitioner and Respondents shall, within 14 days of the date of entry of this Memorandum and Order to Show Cause, show cause in writing why the Petition should not be dismissed for lack of jurisdiction; and it is further

---

[1]   BOP Inmate Locator, available at https://www.bop.gov/inmate loc/, last checked April 3, 2025.

**ORDERED** that the Clerk of the Court shall update Petitioner's mailing address to: John Andrew Drago, 91022-053, RRM New York, 201 Varick Street, Room 849, New York, NY 10014; and it is further

**ORDERED** that the Clerk of the Court shall serve this Order on Petitioner by regular U.S. mail at the updated mailing address.

*Georgette Castner*
_____
GEORGETTE CASTNER
United States District Judge